UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JASON LITTLEJOHN,**
    Plaintiff,

vs.

**GC SERVICES, LP;** and **DOES 1 through 10, inclusive,**
    Defendant.

**Civil Action No.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.  INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Jason Littlejohn, an individual consumer, against Defendant, GC Services, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.  JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### *III.  PARTIES*

3. Plaintiff, Jason Littlejohn, is a natural person with a permanent residence in Shaumburg, Cook County, Illinois 60193.

1

4. Upon information and belief, the Defendant, GC Services, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's grandfather, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail

communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and
>
> (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

    (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Jason Littlejohn, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, LP, for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA.

  B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

DATED: February 12, 2013

RESPECTFULLY SUBMITTED,
By: /s/ Peter Cozmyk_____.
Peter Cozmyk, Esq. (Ohio Bar # 0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
pcozmyk@hotmail.com
P: 440-292-7672

*Attorney for Plaintiff,*
*Jason Littlejohn*

### *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Jason Littlejohn demands trial by jury in this action.